UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| NORA FERNANDEZ; AUGUSTO SCHREINER; EDDIE TORO VELEZ; VICTOR R. VELA DIEZ DE ANDINO; JUAN VIERA; GEORGINA VELEZ MONTES; and ESTHER SANTANA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBS AG; UBS FINANCIAL SERVICES, INC.; UBS FINANCIAL SERVICES INCORPORATED OF PUERTO RICO; UBS TRUST COMPANY OF PUERTO RICO; UBS BANK USA; CARLOS V. UBIÑAS; MIGUEL A. FERRER; BANCO POPULAR de PUERTO RICO; and POPULAR SECURITIES, LLC,<br><br>Defendants. | No. 3:14-cv-01441 (CCC) |

**POPULAR'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER**

COME NOW Defendants Banco Popular de Puerto Rico and Popular Securities, LLC (together, "Popular"), through their undersigned counsel, and respectfully submit this reply brief in support of their Motion to Transfer this action, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Southern District of New York. Popular adopts the points set forth in the contemporaneously filed reply brief by the UBS Defendants ("UBS Reply Brief") and further explains below that Plaintiffs' Opposition ("Opp.") confirms that this Court should transfer the claims against Popular and the UBS Defendants pursuant to the exclusive forum selection clause in the UBS customer agreements.

*First*, by joining Plaintiffs' original complaint in the Southern District of New York against *both* UBS *and* Popular, Eddie Toro Velez and Victor R. Vela Diez de Andino ("Popular Plaintiffs") conceded that the UBS forum selection clause applies to their claims against Popular. (Opp. at 2, 14-15.) Indeed, in the over twenty pages of their Opposition, the Popular Plaintiffs fail to give *any* reason why the Southern District of New York would have had jurisdiction and venue over the claims against Popular absent the application of the UBS forum selection clause to those claims. The Court should thus hold the Popular Plaintiffs to their concession, and transfer their claims to the Southern District of New York where Plaintiffs initially filed this action.

*Second,* the Court should not countenance Plaintiffs' blatant attempt at forum shopping. Plaintiffs candidly confess that they chose to disavow their representation to the Southern District of New York concerning the application of the UBS forum selection clause to Popular simply because—after being assigned to Judge Gardephe—they changed their view as to which forum would "best serve the interests of the [putative] class[]." (*Id*. at 14-15.) If the Court were to indulge Plaintiffs, it would only incentivize plaintiffs bound by a forum selection clause to file a claim in the contractually selected venue, receive a judicial assignment, and then, based on the assignment, decide whether to conveniently assert that they are no longer bound by that clause and refile their claim in another district. Indeed, the Supreme Court, in *Atlantic Marine Construction Co*. v. *United States District Court for the Western District of Texas*, has recognized the potential for "gamesmanship" and "forum shopping" in transfers of venue involving forum selection clauses. 134 S. Ct. 568, 583 (2013) ("Because § 1404(a) should not create or multiply opportunities for forum shopping, . . . when a transfer stems from enforcement of a forum-selection clause[,] [t]he court in the contractually selected venue should not apply the

law of the transferor venue to which the parties waived their right.") (internal quotations and citations omitted). Accordingly, this Court should reject Plaintiffs' gamesmanship, and quash their attempt to argue to this Court the exact opposite of what they represented to the Southern District of New York.[1]

*Third*, even ignoring their gamesmanship, the Popular Plaintiffs' *post hoc* rationalizations as to why the UBS forum selection clause does not apply to their claims (Opp. at 15-17) fall flat. Contrary to the Popular Plaintiffs' contentions, the rule this Court recognized in *Banco Popular de Puerto Rico* v. *Airborne Group PLC* applies to this action: "[W]hen the alleged conduct of non-parties to a contract is closely related to the contractual relationship [that contains the forum selection clause], all the participants, parties and non-parties, should benefit from and be subject to any forum selection clauses contained in the same." 882 F. Supp. 1212, 1216 (D.P.R. 1995) (Cerezo, J.) (dismissing plaintiff's claims against all defendants based on a forum selection clause executed by plaintiff with one defendant). Here, the conduct of non-party Popular is "closely related" to the UBS Defendants' "contractual relationship" containing the forum selection clause, as Popular and the UBS Defendants *jointly* managed the funds at issue and, through this joint venture, Popular stood to "benefit from" the "contractual relationship[s]" the UBS Defendants entered into with its customers. *Id.*; *see also D.I.P.R. MFG., Inc.* v. *Perry Ellis Int'l, Inc.*, 472 F. Supp. 2d 151, 154 (D.P.R. 2007) ("Plaintiffs' own averments thus show that [non-signatory] D.I.P.R.[] is closely related to [signatory] Diorvett, and that it has

---

[1] As this Court has recognized, "[i]f forum selection clauses are to be enforced as a matter of public policy, that same public policy requires that they not be defeated by artful pleading of claims." *Banco Popular de Puerto Rico* v. *Airborne Grp. PLC*, 882 F. Supp. 1212, 1217 (D.P.R. 1995) (Cerezo, J.).

economically benefitted from the Agreement. Therefore, the Court finds that D.I.P.R. is subject to the forum selection clause.").

Although Plaintiffs protest that these cases "involved only *one* contract (not separate contracts with two separate financial institutions)," they cite no authority to support the proposition that it matters whether there is a separate contract with a defendant being added to an action, where the contract with the first defendant has an exclusive forum selection clause. And Plaintiffs identify no obligation in any agreement with Popular inconsistent with the forum selection clause in the UBS customer agreements. (Opp. at 16 n.9.) Moreover, even assuming that the existence of a "separate contract[]" was a distinction that mattered, it is of no avail to Plaintiffs, as they are "voluntary plaintiff[s]"—that is, "third parties [who have] join[ed] with one contracting party to bring suit against another contracting party"—and, as such, must "not now be heard to object to jurisdiction limited to the venue(s) to which [their] co-plaintiffs agreed." *St. Jude Med., S.C., Inc.* v. *Biosense Webster, Inc.*, No. 12-cv-621, 2012 WL 1576141, at *5 (D. Minn. May 4, 2012) (quoting *Marano Enters. of Kan.* v. *Z-Teca Rests., L.P.*, 254 F.3d 753, 758 (8th Cir. 2001)).

Plaintiffs attempt to avoid the applicability of this Court's decision in *Airborne* by citing two out-of-district cases, *Phi, Inc.* v. *Apical Industries, Inc.*, No. 13-cv-00015, 2014 WL 1820717 (W.D. La. Mar. 7, 2014), and *Barletta Heavy Division, Inc.* v. *Erie Interstate Contractors, Inc.*, 677 F. Supp. 2d 373 (D. Mass. 2009), to support the proposition, in Plaintiffs' words, that "[c]ourts in multi-party litigations involving multiple claims regularly find that forum selection clauses in contracts signed only by certain parties and that underlie only certain claims *do not control* the issue of forum." (Opp. at 17.) However, the court in *Phi* noted cases where "multiple parties were involved in th[e] suit and not all of them had signed the contract including

the forum-selection clause" but were determined to be "bound by the forum-selection clause[s]" nonetheless. 2014 WL 1820717, at *9 (citing *Harland Clarke Holdings Corp*. v. *Milken*, No. 13-cv-724, 2014 WL 468840, at *15-16 (W.D. Tex. Feb. 4, 2014) (finding that forum selection clause applied to non-signatory plaintiff and non-signatory defendant), and *GIC Servs., LLC* v. *Freightplus (USA) Inc*., 13-cv-0567, 2013 WL 6813878, at *3 (S.D. Tex. Dec. 24, 2013) (same)).

More to the point, and in stark contrast to the circumstances here, in both *Phi* and *Barletta* one or more defendants did not favor transfer and maintained that they were not bound by the forum selection clause at issue. *Id*. at *2; *Barletta*, 677 F. Supp. 2d at 378-79. These two cases thus have little applicability to the instant action, where Popular affirmatively maintains that the forum selection clause in the UBS customer agreements *does* apply to this action against Popular and, accordingly, that this entire action may be properly transferred to the Southern District of New York. In any event, none of the cases Plaintiffs cite presents the circumstance before this Court, where Plaintiffs previously have conceded the effectiveness of a forum selection clause to a non-signatory by filing a prior action, which asserted that venue was proper under that clause, and now seek to assert the opposite.

Finally, even if this Court determines that the UBS forum selection clause covers only UBS and not Popular, this Court should still transfer the entire action to the Southern District of New York as a matter of judicial or party economy, as it would be less efficient to have separate cases (in different districts, no less) pending against UBS and Popular. Such cases, in contrast to this case and the pending Securities Action, would concern the very same allegations about the same jointly managed funds. (*See* Popular Mot. at 2); *see also Vásquez* v. *Jet Blue Airways Corp*., No. 09-cv-1197, 2009 WL 3103737, at *5 (D.P.R. Sept. 24, 2009) (transferring all claims to Eastern District of New York because "piecemeal litigation . . . would

go against the core belief of this Court in judicial efficiency"); *Tieman* v. *Victaulic Co*., No. 06-cv-1036, 2007 WL 397054, at *4 (S.D. Ohio Jan. 31, 2007) ("[I]t would be a waste of judicial resources not to transfer the entire case, even assuming *arguendo* that Tyco is not . . . bound by the Non-Compete [that contained a forum-selection clause]."). Accordingly, for these reasons and all those set forth in the UBS Reply Brief, the Court should enforce the UBS forum selection clause, and it should do so as to *all* Defendants.[2]

**WHEREFORE**, Popular respectfully requests that this Honorable Court enter an Order granting (i) its Motion to Transfer, and (ii) such other relief as the Court deems just and proper.

**WE HEREBY CERTIFY** that today we electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

---

[2] If the Court decides to transfer solely the claims against the UBS Defendants, Plaintiffs' Motion to Consolidate still should be denied not only on the bases set forth in Defendants' Joint Opposition to Consolidation (at 1-3, 6-14), but also because there would be no grounds for forcing Popular into a case that otherwise concerns only claims brought by different plaintiffs on different legal theories concerning different funds solely against the UBS entities. *See Arroyo* v. *Chardon*, 90 F.R.D. 603, 605-06 (D.P.R. 1981) (denying motion to consolidate where plaintiffs would be required to prove "a separate set of facts" as to each of the defendants, thus "outweigh[ing] the benefits of any possible convenience or economy to be obtained from consolidation," and further presenting the danger of "confusion in the minds of the jurors").

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 18th day of August, 2014.

| | |
|---|---|
| | s/ Néstor M. Méndez-Gómez |
| Joseph E. Neuhaus | Néstor M. Méndez-Gómez |
| Matthew A. Schwartz | USDC NO. 118409 |
| SULLIVAN & CROMWELL LLP | nmendez@pmalaw.com |
| 125 Broad Street | |
| New York, New York  10004 | S/ María D. Trelles-Hernández |
| Telephone:  (212) 558-4000 | María D. Trelles-Hernández |
| Facsimile:  (212) 558-3588 | USDC-PR Bar No. 225106 |
| | mtrelles@pmalaw.com |
| *Of counsel for Defendants Banco Popular de Puerto Rico and Popular Securities, LLC* | |
| | PIETRANTONI MÉNDEZ & ALVAREZ LLC |
| | Popular Center 19th Floor |
| | 208 Ponce de Leon Ave. |
| | San Juan, PR  00918 |
| | Telephone:  (787) 274-4909 |
| | Facsimile:  (787) 274-1470 |
| | |
| | *Attorneys for Defendants Banco Popular de Puerto Rico and Popular Securities, LLC* |