IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NORA FERNANDEZ; AUGUSTO SCHREINER; EDDIE TORO-VELEZ; VICTOR R. VELA-DIEZ DE ANDINO; JUAN VIERA; GEORGINA VELEZ-MONTES; and ESTHER SANTANA, on behalf of themselves and all others similarly situated<br><br>Plaintiffs<br><br>vs<br><br>UBS AG; UBS FINANCIAL SERVICES, INC.; UBS FINANCIAL SERVICES INCORPORATED OF PUERTO RICO; UBS TRUST COMPANY OF PUERTO RICO; UBS BANK USA; CARLOS V. UBIÑAS; MIGUEL A. FERRER; BANCO POPULAR DE PUERTO RICO; and POPULAR SECURITIES, LLC<br><br>Defendants | CIVIL 14-1441CCC |

**OPINION AND TRANSFER ORDER**

This action is now before us on two motions for change of venue. The first, D.E. 35, was filed by UBS AG, UBS Financial Services Inc., UBS Financial Services Incorporated of Puerto Rico, UBS Trust Company of Puerto Rico, UBS Bank USA, Carlos V. Ubiñas and Miguel A. Ferrer ("the UBS defendants") on July 11, 2014. The second, D.E. 37, was filed by defendants Banco Popular de Puerto Rico and Popular Securities, LLC (together, "Popular") on that same date. Plaintiffs filed their Joint Consolidated Memorandum of Law in Opposition to Defendants' Motions to Transfer Venue and in Further Support of Plaintiffs' Joint Motion for Modification of the

CIVIL 14-1441CCC						2

October 16, 2012 Consolidation Order,[1] D.E. 40, on August 8, 2014. Defendants filed replies on August 18, 2014 (D.E. 41 and D.E. 42).

For the reasons stated in our discussion below, the Motions to Transfer Venue (**D.E. 35 and D.E. 37**) are GRANTED.

We initially note that the plaintiffs, represented by the same attorneys, filed this same action in the United States District Court for the Southern District of New York. In that complaint, plaintiffs recognized their contractual obligation to litigate their civil action in New York.

> 14.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and because the  UBS Client Relationship Agreement ( the  UBS Client Relationship Agreement"), and its predecessors, provide that venue is appropriate in this District.  The UBS Client Relationship Agreement  specifically states that clients submit to the exclusive jurisdiction of the courts of the State of New York and the Federal Courts sitting in the Southern District of New York for the purpose of determining all matters with regard to the Agreement."   Further, the UBS Client Relationship Agreement provides that any objections to the venue"or claims that an action or proceeding has been brought in an inconvenient forum"are waived.

Complaint, Ex. A., ¶ 14, pp. 5-6.

The parties' Client Agreements contain a forum selection clause pursuant to which the plaintiffs agreed to bring suit in the courts of the State of New York and the Federal courts sitting in the Southern District of New York for the purpose of determining all matters with regard to their agreements and waived any objection to such venue.

Notwithstanding their recognition of the exclusive jurisdiction of the federal courts sitting in the Southern District of New York and the waiver of any objections to or claims of inconvenience of the forum, plaintiffs voluntarily dismissed the New York complaint and filed the same action in Puerto Rico.

---

[1]The October 16, 2012 order DENIED the consolidation of this case with In re: UBS Financial Services of Puerto Rico Securities Litigation, Civil No. 12-1663.

CIVIL 14-1441CCC                                    3

Defendants seek a change of venue back to New York based on the exclusivity of that forum and on plaintiffs' contractual waiver of the type of objections on which they now rely.

Citing Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972), the Supreme Court held that federal Courts should enforce forum-selection clauses absent a showing that to do so would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.  In Stewart Organization, Inc., v. Ricoh Corporation, 487 U.S. 22, 32 (1988), the Court held that § 1404(a) governs "the District Court's decision whether to give effect to the parties' forum selection clause."  As observed by Justice Kennedy in his concurrence, at 33, "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system."  The Court later noted that, although Bremen, *supra*, involved a Federal District Court sitting in admiralty, its reasoning applies with as much force to federal courts sitting in diversity.  Id.

When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied.  Id.  (Citations and footnote omitted).

We turn to the plaintiffs' joint opposition (D.E. 40).  Plaintiffs acknowledge the obvious:  that they initially filed their action in New York.  This is an acknowledgment of the binding nature of the contractual forum-selection clause, notwithstanding that all the factors for which they now argue in favor of a Puerto Rico venue existed at that time.  Dismissing that case and

CIVIL 14-1441CCC                                      4

simultaneously refiling it here, plaintiffs moved for consolidation with the securities case, which this Court has already denied.

Relying on effusive adjectives and adverbs, plaintiffs argue that the factors "overwhelmingly" favor litigating this action in Puerto Rico. Relying on phrases like "superior forum," Puerto Rico's "deep-rooted" connection to and "exceptional" public interest, plaintiffs attempt to persuade us that Puerto Rico "overwhelmingly" outweighs New York as the venue choice. (Plaintiffs' opposition at 8.) Puerto Rico's interest is further described as "extraordinary," "highly significant," "unique and dominant," and "exceptional." Id., at 8-9. We are unpersuaded by plaintiffs' implication that the Commonwealth of Puerto Rico itself has an interest in this action. Their position is based on a change of strategy seemingly related to a later linkage to an earlier securities case filed in this District. Before that, they did not see the Southern District's calendar as too congested, or the potential burden on New Yorkers, should the action reach the jury trial phase, as factors outweighing the parties contractual agreement on venue. As noted by the Court in Atlantic Marine Const. Co., Inc., v. U.S. District Court for the Western District of Texas, 134 S.Ct. 568, 582 (2013), "[b]ecause [public-interest] factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses control except in unusual cases."

"When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties settled expectations . . . In all but the most unusual cases, therefore, 'the interests of justice' is served by holding parties to their bargain." Atlantic Marine, *supra*, at 583.

CIVIL 14-1441CCC                              5

    For the above-stated reasons, Defendants' Motions to Transfer Venue (**D.E. 35 and D.E. 37**) are GRANTED.  This case is TRANSFERRED to the United States District Court for the Southern District of New York.

    SO ORDERED.

    At San Juan, Puerto Rico, on March 30, 2015.

                                                  S/CARMEN CONSUELO CEREZO
                                                  United States District Judge